WILLIAM R. BENNETT *vs.* HIRAM T. THURSTON.

Lincoln.    Opinion August 3, 1921.

*The specific acts of alleged negligence by a bailee in repairing a bailment, must be proved by plaintiff by competent evidence, and not left to inference based on probabilities or on evidence too vague and indefinite to support a verdict.   Inferences must be drawn from facts proven and not based on other inferences or on mere probabilities.*

Under the allegations of negligence by a bailee in repairing a bailment the burden of proving the specific acts of negligence alleged is on the plaintiff who must sustain such proof by competent evidence.

The failure of the plaintiff in this case to show that the cylinders of his engine were not cracked when left with the defendant for repairs or to prove that the defendant's servant actually used improper tools or unnecessary force leaves the proof of these essential elements to the maintenance of his case to inference based on probabilities or on evidence too vague and indefinite to support a verdict.

When it is sought to establish a case by inferences drawn from facts, such inferences can only be drawn from facts actually proven.   They cannot be based on other inferences or on mere probabilities.

On motion by defendant.    An action to recover damages caused by alleged negligence of defendant as bailee.    A gasoline engine used in a motor boat of plaintiff was taken to the shop of defendant at Boothbay Harbor for repairs, defendant being a machinist doing general machine work including manufacturing and repairing gasoline engines.    Plaintiff claims that the engine while in the possession of the defendant was injured by cracking the two middle cylinders and bases.    Defendant filed a plea of the general issue, and a verdict was returned for plaintiff for $191.93, and defendant filed a motion for a new trial.    Motion sustained.    New trial granted.

Case is stated in the opinion.

*George A. Cowan,* for plaintiff.

*C. R. Tupper,* for defendant.

SITTING: CORNISH, C. J., SPEAR, HANSON, PHILBROOK, MORRILL, WILSON, JJ.

WILSON, J.  An action to recover damages for negligence in the repairs of a gasoline engine.  The jury found for the plaintiff and awarded damages in the sum of one hundred and ninety-one dollars and ninety-three cents.  The case come before this court on a motion for a new trial on the usual grounds.

We think the motion must be sustained.  The plaintiff was the owner of a motor boat in which was installed a four cylinder engine originally designed for use in automobiles, but was later adapted for use in motor boats.  The first summer it was installed in the plaintiff's boat it stripped the gears and a second time the following summer. It was then shipped back to the makers and new and heavier gears substituted and in the spring of 1920 was installed again in the boat by parties at South Bristol.  Trouble in operating it appeared at once.  After running a short time it would become "stiff" and could be turned over with difficulty.  It was attributed to the oiling system.

It was then taken to the defendant for inspection and repairs to remedy this trouble.  Upon trying it the defendant expressed the opinion it was getting water in the cylinders.  An employee of the defendant was directed by him to take off the cylinder heads in order that it might be examined inside.  The employee later came to the defendant and reported that the cylinder heads were stuck on and he needed something with which to take them off.  Whereupon the defendant went down to the boat and upon examination found a nut concealed by a cap which the employee had not removed, and upon the removal of this nut and the insertion of a small screw driver under the heads they came off without difficulty.  Water was found in the second and third cylinders.

The defendant thereupon oiled the cylinders thoroughly and thinking the leaking might be due to a defective gasket, made a new gasket for at least one of the cylinder heads and tried it out.  It was found, however, that after a few movements the same trouble developed as before.  The cylinder heads were then examined and tested by water pressure and for warping and the engine removed from the boat, the pistons taken out and polished and the engine again installed. The defendant did not discover any cracks in the cylinder walls and did not examine for them.  The same trouble as before, however,

appeared upon use in the boat. It was then thought there might be trouble with the ignition system and the plaintiff had a new one installed, but with no better results.

Another mechanic was then employed to examine the engine and upon taking off the cylinder heads and examining the insides of the cylinders he discovered small cracks in the walls of the second and third cylinders through which, when in use, water was entering from the water jacket. An attempt was made to cement these cracks in order that the boat might be used during the summer, but to no avail, and additional trouble also developed, in that the gaskets after a little time would "blow" as it is termed. Leaks would appear around them; and some six or seven new ones were put on by different parties during the summer of 1920.

The contention of the plaintiff in this action is that the defendant's servant in removing the cylinder heads when it was taken to him for inspection was guilty of negligence in not discovering the nut underneath the cap, and used some improper instrument and unnecessary force in attempting to pry them off before the discovery of the concealed nut by the defendant himself, thereby causing the cracks in the cylinder walls.

The burden of establishing these contentions is on the plaintiff, *Sanford* v. *Kimball*, 106 Maine, 357, and by competent evidence, *Seavey* v. *Laughlin*, 98 Maine, 517, 518; *Alden* v. *R. R. Co.*, 112 Maine, 515, 518. No evidence was offered by the plaintiff that the cracks were not in the cylinders when the engine was first brought to the defendant for examination. It was left to inference from the fact alone that it was a comparatively new engine. The defendant, however, found positive evidence, which was not denied, that water was finding its way into the cylinders prior to the cylinder heads being removed by his servant, and the results in operation were almost exactly the same before as after the alleged negligence occurred. Again neither is there any positive evidence that the defendant's servant used anything but a small screw driver in trying to remove the cylinder heads. A tool too small with which to have done the damages claimed by the plaintiff. The testimony of the plaintiff's witness as to marks upon the gasket reported to him to have been taken off when the cylinder heads were first removed is entirely too vague and indefinite to have any weight unsupported against the positive testimony of the defendant's servant that the only instru-

ment he used was the small screw driver and that he did not apply sufficient force to have caused the damage claimed. Both these contentions of the plaintiff are based on mere inferences and probability and not on proven facts. We think the foundation too weak to support the conclusion arrived at by the jury and that the verdict upon the evidence is clearly wrong.

When it is sought to establish a case by inferences drawn from facts, such inferences must be drawn from the facts proven. They cannot be based upon mere probabilities, *Alden* v. *Railroad Co.*, supra, *Seavey* v. *Laughlin,* supra.

*Motion sustained.*
*New trial granted.*